## THOMPSON v. DEVINE INDEPENDENT SCHOOL DIST. (No. 6916.)*

(Court of Civil Appeals of Texas. San Antonio. March 21, 1923. Rehearing Denied April 11, 1923.)

1. Taxation ⬡➡490—Action of board conclusive, though apparently based on financial necessities rather than market values.

Where taxes were regularly levied and assessed, and notice was given to a property owner by the board of equalization of a proposed increase in the valuation of his property, and he made no complaint, under Rev. St. art. 953, providing that the action of the board shall be final, such property owner is precluded from questioning the assessment, though it appears that the equalization board was primarily guided by financial necessities of the district rather than by a critical analysis of the market values.

2. Appeal and error ⬡➡181—Objection not raised below not reviewable.

An objection not raised below cannot be heard on appeal.

Appeal from District Court, Medina County; R. H. Burney, Judge.

Suit by the Devine Independent School District against W. A. Thompson. Judgment for plaintiff, and defendant appeals. Affirmed.

De Montel & Fly, of Hondo, for appellant. D. O. Brown, of Devine, and L. J. Brucks, of Hondo, for appellee.

SMITH, J. This suit was instituted by the school district against Thompson to recover taxes assessed for the fiscal years 1920 and 1921 upon 1,213 acres of land in Medina county, and a lot in the town of Devine, owned by Thompson, who has appealed from a judgment rendered against him in the court below. There was no jury, but the trial court prepared and filed a very full statement of the facts found. It is contended by Thompson that the board of equalization arbitrarily and fraudulently assessed his property at a value greatly in excess of its market value, and that this valuation was determined by the amount of funds required by the school board, and not by its market value; that a valid levy and assessment were not shown to have been made by the authorities; and that a lien was improperly foreclosed upon his homestead for taxes chargeable to some of his property not included in his homestead.

[1] The trial court found that the taxes were regularly levied and assessed, and that notice was given the owner by the board of equalization of the proposed increase in the valuation of his property, and that he made no complaint thereof. We think the evidence, although meager on some of the issues, was sufficient to warrant these findings, and this being true, appellant was thereby precluded under the provision of article 953, R. S., that the action of the board "shall be final, and shall not be subject to revision by said board or by any other tribunal thereafter." And while it appears from the testimony that the board of equalization was primarily guided to the final valuation by the financial necessities of the school district, rather than by a critical analysis of market values, yet it is still true that the evidence warranted the finding that the property was not assessed beyond its fair market values, and there is no contention that appellant was discriminated against with reference to values placed upon his neighbors' properties. The law's demands were thus satisfied. This conclusion disposes of appellant's first and second propositions, which, together with the assignments of error on which they rest, are overruled.

[2] In his third and last proposition appellant complains of the judgment on the grounds that it establishes a lien against his homestead to satisfy taxes assessed against not only the homestead, but other and different properties as well; it being contended that the lien attached to the homestead only to secure the taxes assessed against the homestead premises, or tract. This question, however, was not raised in the court below. No mention was made in appellant's pleadings of the homestead character of any one of the tracts in controversy, nor was the question otherwise or in any manner raised until appellant filed his assignments of error nearly

two months after the court had adjourned for the term. We think, in order to render it available, the question should have been raised in the court below, and by failing to raise it there appellant waived it. Chilson v. Reeves, 29 Tex. 276.

The judgment is affirmed.